■ DONALD K. ALGER, Respondent, v WILLIAM S. COLEMAN, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered July 1, 1988 in Albany County, upon a verdict rendered in favor of plaintiff on the issue of liability.

This action arises out of a motor vehicle accident that occurred on July 22, 1982 on United States Route 20 in the Town of Guilderland, Albany County, when plaintiff's motorcycle and defendant's Winnebago motor home collided near the intersection of State Route 155 and Route 20. Plaintiff was traveling west on Route 20 at approximately 5:30 P.M. when he noticed that his fiancée, Suzanne M. Alger, was directly behind him in her automobile. Plaintiff approached the intersection of Route 155 in the passing lane with a left-turn-only lane on his left. Plaintiff testified at trial that the traffic slowed considerably as he neared the intersection and when he was almost at a standstill, he looked back to Suzanne and motioned to her that she should follow him in making a left-hand turn at the intersection. According to plaintiff, he then put on his left directional signal and looked back over his left shoulder twice to determine whether any cars were coming before he moved from the passing lane into the turning lane, where the accident occurred. Plaintiff stated that he never saw defendant's vehicle before the collision.

Suzanne, who was married to plaintiff at the time of trial in this action, testified that she was directly behind plaintiff just prior to the accident and that plaintiff had motioned to her and put his left turn signal on prior to changing lanes. She testified that as plaintiff proceeded into the turning lane she looked over her left shoulder and saw defendant's Winnebago approaching in that lane and for this reason did not follow plaintiff. She watched as the front right of the Winnebago struck the left side of plaintiff's motorcycle.

Defendant's evidence was essentially that his vehicle was proceeding in the left-turn lane of Route 20 near the intersection with Route 155 when, without signaling, plaintiff's motorcycle drifted to the left into that lane and struck the right side of defendant's motor home.

At the close of the proof defendant moved for a directed verdict, which was denied. The jury returned a verdict finding that defendant was 88% at fault and that plaintiff was 12% at fault. Defendant then sought to have the verdict set aside on the ground that the apportionment of liability against him was excessive. Supreme Court denied that motion and this appeal by defendant ensued.

Defendant's contentions on appeal are that, accepting the version of plaintiff and his wife as to the happening of the accident, the collision was primarily, if not exclusively, caused by plaintiff. Their descriptions, according to defendant, established that Suzanne saw defendant's motor home on her left when plaintiff proceeded into the turning lane and plaintiff was then immediately in front of her. Thus, plaintiff should reasonably have seen that defendant was proceeding in such close proximity that he should have yielded the right-of-way rather than turning into the path of defendant's oncoming vehicle. Defendant contends that this requires reversal and either dismissal or, at the least, the granting of a new trial because of the jury's clearly erroneous apportionment of liability.

We disagree. Both plaintiff and Suzanne testified that traffic in both driving lanes of westbound Route 20 at the approach to the intersection with Route 155 was bumper to bumper and only inching forward. Plaintiff testified that he looked back and to his left when he began signaling and did not see defendant's vehicle. Suzanne also testified that 15 to 20 seconds elapsed between the time that plaintiff started signaling a left turn and when she saw defendant's motor home overtaking her on the left. She also described that plaintiff's motorcycle was completely in the turning lane when it was struck and propelled forward. Viewing the foregoing evidence in the light most favorable to plaintiff, as we must, the jury could readily find that, because of the time lapse from the commencement of plaintiff's signaling and the collision, the primary cause of the accident was defendant's negligence in failing to stop in time to avoid striking plaintiff, due to inattentiveness and excessive speed in precipitously entering and proceeding in the turning lane. The jury could likewise have reasonably concluded that, because of the slow movement of westbound traffic on Route 20 at the intersection, any violation of Vehicle and Traffic Law § 1163 (b) by plaintiff in failing to signal for a left turn not less than 100 feet before turning (regarding which the jury was properly instructed) was of relatively minor significance in the happening of the accident. The jury's apportionment of fault is reflective of such a finding.

It follows from the foregoing that defendant has failed to establish that the preponderance of the evidence was so greatly contrary to the jury's verdict that it could not have been rendered by any fair interpretation of the evidence.

Therefore, the verdict cannot be overturned *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805).

Judgment affirmed, with costs. Casey, J. P., Mikoll, Levine and Harvey, JJ., concur; Weiss, J., not taking part.